NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDUARDO GARCIA-DIAZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-1312

Agency No. A208-444-596

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2024**
Portland, Oregon

Before: HAMILTON, VANDYKE, and H.A. THOMAS, Circuit Judges.***

Petitioner Eduardo Garcia-Diaz ("Garcia-Diaz") seeks review of a Board of

Immigration Appeals ("BIA" or "Board") decision affirming a decision by an

Immigration Judge ("IJ") denying Petitioner's applications for asylum, withholding

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

of removal, and Convention Against Torture ("CAT") relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When reviewing final orders of the BIA, we apply the highly deferential substantial evidence standard. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). And in those circumstances where the BIA "agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). Under the substantial evidence standard, the agency's facts are considered "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Ruiz-Colmenares*, 25 F.4th at 748 (citation and internal quotation marks omitted). Questions of law are reviewed de novo. *Id.*

Garcia-Diaz challenges the agency's ruling on a number of grounds, but he fails to challenge the BIA's decision affirming the IJ's finding that he could safely relocate within Mexico. Nor did he contest this finding in his appeal to the BIA. As a result, he has both failed to exhaust and waived any argument on this point. *See* 8 U.S.C. § 1252(d)(1); Fed. R. App. P. 28(a)(8)(A); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). This failure is dispositive of Garcia-Diaz's claims for both asylum and withholding of removal. *See* 8 C.F.R. § 1208.13(b), 1208.16(b); *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020).

The BIA's denial of Garcia-Diaz's claim for CAT protection is supported by substantial evidence. To be eligible for CAT relief, an applicant must show "that it

is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). As stated above, Garcia-Diaz has not challenged the agency's finding that he could safely relocate within Mexico to avoid potential torture. Garcia-Diaz also conceded that he was never personally harmed or threatened in Mexico, which further undermines his claim of likely future torture. *See Nuru v. Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005). And although the country conditions report does indicate generalized violence in Mexico, Garcia-Diaz has not provided evidence to demonstrate that he would face a particularized threat of torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008). Assessed in its totality, the record does not compel the conclusion that Garcia-Diaz is more likely than not to be tortured if returned to Mexico.

**PETITION DENIED.**